IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION



MOSS LAND AND MINERAL CORP.,  }
et al.,                       }
                              }
    Cross-claimants,         }      CIVIL ACTION NO.
                              }      03-AR-845-J
v.                            }
                              }
FIDELITY AND CASUALTY COMPANY }
OF NEW YORK, et al.,          }
                              }
    Cross-claim defendants.  }

### MEMORANDUM OPINION

The court has before it the motion of cross-claimants, Moss Land and Mineral Corp., Moss-Levin Joint Venture and Levin Land & Mineral, Inc. ("Moss, et al."), to remand to the Circuit Court of Walker County, Alabama, their above-entitled cross-claim that was removed to this court on April 10, 2003, by cross-claim defendant, Fidelity and Casualty Company of New York ("Fidelity"), in which it was joined by the other cross-claim defendant, Fireman's Fund Insurance Companies ("Fireman's Fund").

.    The original case was filed in the Circuit Court of Walker County, Alabama, by Dulin Energies, Inc., Russell Mitchell and Bobby Mitchell ("Dulin, et al."), to collect upon a judgment they had previously obtained in that court against Moss, et al.  The allegation in the collection suit was that Fidelity and Fireman's Fund had indemnified Moss, et al. and for that reason were obligated to pay the judgment.  On January 23, 2003, Moss, et al., not only answered the complaint of Dulin, et al., but



simultaneously filed the above-entitled cross-claim, reiterating Dulin, et al.'s claim of indemnity and asserting against Fidelity and Fireman's Fund tort claims of fraud and bad faith, independent of any indemnity theory. On or about March 18, 2003, the Circuit Court of Walker County, by the following order, granted Dulin, et al.'s motion to dismiss:

> This matter comes before the Court on the Plaintiffs' Motion to Dismiss, **the Defendants' Objection**, and the Plaintiffs' Revised Motion to Dismiss. Having considered these Motions the Court Orders that all claims on behalf of Dulin Energies, Inc., Russell Mitchell and Bobby Mitchell be dismissed with prejudice with all costs taxed as paid. The remaining cross-claims being asserted amongst the defendants are not to be dismissed and should remain pending under the same civil action number. This Order should replace the Order dated March 13, 2003, that was stamped on the Plaintiffs' Motion to Dismiss.
>
> **IT IS SO ORDERED**
>
>                                                      s/<u>Hugh Beard</u>
>                                                      CIRCUIT JUDGE

(emphasis supplied).

Plaintiffs, Dulin, et al., shared Alabama citizenship with one or more of the defendants. After Dulin, et al. dismissed their action, the preexisting complete diversity of citizenship between Moss, et al., cross-claimants, and Fidelity and Fireman's Fund, cross-claim defendants, together with the fact that the amount in controversy between cross-claimants and cross-claim defendants exceeded $75,000, prompted Fidelity's notice of removal, which was filed within thirty (30) days after Dulin, et al.'s dismissal of

the original case.

The court finds two insurmountable jurisdictional hurdles for Fidelity and Fireman's Fund. Either suffices to block the removal.

### First Jurisdictional Defect

The pertinent removal statutes, 28 U.S.C. §§ 1441(a) and 1446(a), provide that cases may be removed by a **"defendant."** Neither statute mentions a "cross-claim defendant," or a "third-party defendant," or a "counterclaim defendant." Professor Moore in Moore's Federal Practice (Third Edition), this court's bible for federal procedure, at § 107.11[1][b][iii], says:

> **Whether Cross-Claim Defendants May Remove**
>
> There are at least two possible scenarios in which a cross-claim defendant will seek to remove an action. The first scenario may be where the action as a whole is removable, but the defendants filing the cross-claims fail to agree to join in removing, as required by Section 1441(a) (see [c] below). The other scenario would be where the case in chief would not be removable, but the cross-claim is a separate and independent federal question claim removable under Section 1441(c) (see § 107.14[6]. The courts generally do, and should, remand cases removed in either case. First, applying the general rule that *defendant* means plaintiff's defendant precludes removal, a cross-claim is asserted by the co-party defendant, not the plaintiff. Second, removal under Section 1441(c) has been limited to removal based on claims asserted by plaintiffs. This view comports with the firmly embedded principle to construe narrowly the right of removal.

(italics in original) (footnotes not included).

Professor Moore takes the position that for the purposes of authorizing removal the word "defendant" means a defendant **named in**

3

**the original complaint** and can never mean a third-party defendant. In § 107.11 [1][b][iv], Professor Moore continues:

### Whether Third-Party Defendants May Remove

> There are myriad and diverging views on whether third-party defendants may remove an action.  Some courts granting third-party defendants the right of removal hold that there should be no difference between defendants and third-party defendants, while other courts permit removal if the third-party claim states a separate and independent action that would entitle the third-party defendant to removal.  Further, special removal statutes (see § 107.15) may provide an independent basis for a third-party defendant seeking to remove the case.  When a foreign state third-party defendant is permitted to remove (see §107.15[4]), the entire case is removed to federal court.
>
> Some courts hold that a third-party cause of action is not removable if the main claim could not have been originally filed in federal court and removal is based solely on the third-party claim.  Other courts prohibit third-party defendants from removing a case when the original defendants did not seek removal, under the theory that it would be unjust to permit a party not sued by the plaintiff to compel the plaintiff to try the case in a forum not of the plaintiff's choice.  Other courts consider the third-party cause of action to be merely incidental or ancillary to the main nonremovable claim and not a separate controversy.
>
> The better view, consistent with the principle that removal jurisdiction is to be strictly construed, is that third-party claims are not removable, because only a party defending against claims asserted by a plaintiff ought to be able to remove.  If the original defendant had no right to remove, or chose not to, an ancillary defendant should not be permitted to remove, absent express statutory authority.  As in the case of counterclaims and cross-claims, third-party defendants are not *defendants* within the meaning of the removal statute (subject to the caveats discussed in [a], *above*).

(italics in original)   (footnotes not included).

Professor Moore footnotes *Carl Heck Eng'rs, Inc. v. LaFourche*

4

*Parish Police Jury*, 622 F. 2d 133, 135-136 (5th Cir. 1980), for the divergent view that a third-party claim can be removed by the third-party defendant under some circumstances. Because it was decided by the Fifth Circuit before the separation of the Eleventh Circuit from the Fifth circuit *Carl Heck* is binding on this court **unless** it has been overruled by the Eleventh Circuit, or by the Supreme Court, or by Congress. See *Bonner v. City of Prichard*, 661 F. 2d 1206, 1207 (11th Cir. 1981). There are two questions, then, to be answered: (1) whether *Carl Heck* fits the procedural facts of this case; and (2) whether *Carl Heck is* still good law. In *Carl Heck* the defendant in the state court filed a third-party claim that would have been removable if it had been sued upon alone. The original case was admittedly not removable. The trial court allowed the removal of the whole case, but remanded the main case over which it had no independent basis for jurisdiction, and retained the third-party action. The Fifth Circuit found that it was proper to allow the entire case to be removed under 28 U.S.C. § 1441(c), and also was correct to retain jurisdiction over the third-party claim. Thereafter, § 1441(c) was amended by Congress. In this court's opinion that amendment wiped out *Carl Heck.* In fact, *Carl Heck* may have been a cause, if not the precipitating reason, for the Congressional tightening of the removal loophole that had been created by the Fifth Circuit in *Carl Heck*. Congress answered the question, making it no longer possible to remove an

5

entire case and then to separate the removable from the non-removable. A comparison of the § 1441(c) language, before and after *Carl Heck* proves that *Carl Heck* no longer reflects the law of any circuit. Fidelity would not even want this court to resurrect *Carl Heck*. If *Carl Heck* is the law, Fidelity's removal came too late, because if *Carl Heck*'s rationale were employed in the instant case, removability of the entire case first appeared on January 23, 2003, when the cross-claim was filed more than thirty days before the removal.

With *Carl Heck* out of the way, the court simply agrees with Professor Moore that Fidelity was never a "defendant" and could not avail itself of § 1441(a). Fidelity's status as a cross-claim defendant did not change magically at the moment of the dismissal of the original action. No metamorphosis took place to make the ugly non-removable caterpillar into a beautiful removable butterfly. This follows not only from the clear language of §§ 1441 and 1446, but from the rule that removal statues are strictly construed against removability.

### Second Jurisdictional Defect

Under the theory upon which Fidelity removed this case, that is, if the removal was effectual, Fidelity and Fireman's Fund bootstrapped their own removal opportunity, creating diversity jurisdiction by settling with Dulin, et al. Both indemnitors assert in their briefs filed in opposition to remand that cross-

6

claimants Moss, et al. agreed to the settlement that was entered into on March 18, 2003, but the dismissal order entered on that date, as quoted *supra*, recites only that the court considered "the Plaintiffs' Motion to Dismiss, **the Defendants' Objection**, and the Plaintiffs' Revised Motion to Dismiss." (emphasis supplied). The notice of removal does not allege anything other than what is reflected in the dismissal order itself attached as an exhibit to the removal papers. There is no allegation that Moss, et al. **voluntarily** agreed to anything on March 18, 2003. The notice of removal is the place to look for a basis for federal jurisdiction. A bare assertion in a subsequent brief cannot make up the deficit. This is the reason why 28 U.S.C. § 1446(a) requires that a notice of removal contain "a short and plain statement of the grounds for removal, together with **a copy of all process, pleadings, and orders** served upon such defendant or defendants in such action." (emphasis supplied). The state court's order of March 18, 2003, expressly refers to **"objections"** by **"defendants."** Moss, et al. were defendants. Where are the objections? Where are Fidelity's and Fireman's Fund's answers to Moss, et al.'s cross-claim? If, in fact, there were pleadings and/or orders demonstrating that Moss, et al. formally agreed to the dismissal of Dulin, et al.'s action, they might contradict the reference to **"objections"** in the order of dismissal, but this court can only look at what it has been furnished. The absence of crucial pleadings and orders constitutes

7

a defect in this removal that is as fatal to the removal as is the lack of voluntary participation by Moss, et al. in the dismissal. For a non-removable case suddenly to become removable, the presence of federal jurisdiction must appear from the **voluntary** act of the non-removing party. Otherwise, the non-removing party would be deprived of its right to appeal from the state court order that it did not request or agree to.

Conclusion

Because of these jurisdictional defects, the court finds that it lacks jurisdiction, and will grant cross-claimants' motion to remand by separate order.

DONE this _6th_ day of June, 2003.

_/s/ William M. Acker, Jr._
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

8